1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Nicole Michele Preece,                    No. CV-22-01054-PHX-JJT

10                  Plaintiff,                  **ORDER**

11   v.

12   Commissioner of Social Security
     Administration,
13
                      Defendant.
14

15

16          At issue is the denial of Plaintiff Nicole Michele Preece's Applications for

17   Disability Insurance Benefits and Supplemental Security Income by the Social Security

18   Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this

19   Court seeking judicial review of that denial, and the Court now addresses Plaintiff's

20   Opening Brief (Doc. 13, Pl. Br.), Defendant Social Security Administration

21   Commissioner's Response Brief (Doc. 14, Def. Br.), and Plaintiff's Reply (Doc. 15,

22   Reply). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and

23   now affirms the Administrative Law Judge's (ALJ) decision (R. at 108–17) as upheld by

24   the Appeals Council (R. at 2–4).

25   **I.    BACKGROUND**

26          Plaintiff filed Applications for Disability Insurance Benefits and Supplemental

27   Security Income on July 22, 2019, for a period of disability beginning on May 29, 2019.

28   (R. at 108.) Her claim was denied initially on October 30, 2019, and upon reconsideration

on May 1, 2020. (R. at 108.) On December 17, 2020, Plaintiff appeared telephonically before the ALJ for a hearing regarding her claim. (R. at 50.) On February 23, 2021, the ALJ denied Plaintiff's claim. (R. at 108–17.) On April 20, 2022, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 2–4.)

In the Decision, the ALJ found Plaintiff has the severe impairments of degenerative joint disease, fasciitis, Baker's cyst, obesity, obstructive sleep apnea, and renal azotemia. (R. at 110.) The ALJ evaluated the medical evidence and testimony and ultimately concluded that Plaintiff is not disabled. (R. at 116.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 111.) The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform sedentary work with some physical and environmental limitations. (R. at 112.) Based on the RFC formulation and the testimony of the Vocational Expert (VE) at the hearing, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy such that Plaintiff is not under a disability as defined in the Social Security Act. (R. at 115–16.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation,

1   one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*

2   *v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

3          To determine whether a claimant is disabled for purposes of the Act, the ALJ

4   follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

5   proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

6   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether

7   the claimant is presently engaging in substantial gainful activity. 20 C.F.R.

8   § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step

9   two, the ALJ determines whether the claimant has a "severe" medically determinable

10  physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not

11  disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's

12  impairment or combination of impairments meets or medically equals an impairment listed

13  in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so,

14  the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four.

15  *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and

16  determines whether the claimant is still capable of performing past relevant work.

17  20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.*

18  If not, the ALJ proceeds to the fifth and final step, where she determines whether the

19  claimant can perform any other work in the national economy based on the claimant's RFC,

20  age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is

21  not disabled. *Id.* If not, the claimant is disabled. *Id.*

22  **III.    ANALYSIS**

23         Plaintiff raises a single argument for the Court's consideration, namely, that the

24  ALJ's reasons for discounting the medical opinions of Michael Steingart, D.O., an

25  orthopedic surgeon, and Patricia Stephenson, M.D., a primary care physician, were not

26  supported by substantial evidence in the record.

27

28

**A.     Michael Steingart, D.O.**

Plaintiff contends that the ALJ gave insufficient reasons for discounting the opinions of Dr. Steingart. (Pl. Br. at 12–16.) On a checkbox form, Dr. Steingart opined that Plaintiff has the ability to perform "light duty" work and "can only work 5 hours a shift," without further elaboration. (R. at 397.) The ALJ found Dr. Steingart's opinion "only partly persuasive," because Plaintiff reported—and the record supports—that she is able to perform sedentary work and Dr. Steingart's treatment notes do not support the conclusion that Plaintiff would be off task for a substantial part of the workday. (R. at 114.)

The Ninth Circuit no longer accords special deference to an examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and

consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ laid out specific reasons supported by the record in finding Dr. Steingart's opinion only partly persuasive. (R. at 114.) Most notably, the ALJ observed that Plaintiff not only reported she could perform sedentary work after the alleged onset date, but that this conclusion is supported by medical opinions and consistent with other evidence in the record. *See* 20 C.F.R. § 404.1520c(c). Specifically, while the ALJ recognized abnormalities affecting Plaintiff's lower extremities, the ALJ cited portions of the record to conclude that Plaintiff's "course of treatment has consisted of conservative modalities such as injections, physical therapy, and medications." (R. at 114.) The unsupported conclusion was Dr. Steingart's opinion itself, in which he stated Plaintiff could only work five hours a day; he fails to explain why, and the medical treatment notes do not bear this opinion out.

The ALJ also noted that Plaintiff's self-report of the ability to perform sedentary work was consistent with her reports that her upper body and mind functioned well and she is active. (R. at 113.) Indeed, the ALJ cited the record to conclude Plaintiff's physical and mental activities and social interactions were consistent with those necessary to obtain and maintain employment. (R. at 113.) Because the ALJ adequately considered the supportability and consistency factors, the ALJ did not err in weighing Dr. Steingart's opinion.

**B.      Patricia Stephenson, M.D.**

The ALJ also found the opinion of Dr. Stephenson only partly persuasive, and Plaintiff again argues that the ALJ gave insufficient reasons for that finding. Dr. Stephenson opined that Plaintiff can never lift or carry any weight whatsoever, can sit for no more than two hours at a time, and her symptoms would constantly interfere with attention and concentration needed to perform even simple work tasks. (R. at 650–51.)

The ALJ pointed out that these extreme conclusions are not supported by Dr. Stephenson's treatment notes or other objective medical evidence in the record. (R. at

114.) For example, no evidence supports the conclusion that Plaintiff has abnormalities in her upper body such that she cannot lift anything at all. (R. at 114.) With regard to consistency, as noted *supra*, the ALJ pointed to evidence that Plaintiff is active, having the ability to sweep, clean, do laundry, prepare meals, wash dishes, shop for groceries, and crochet blankets. (R. at 114.) Again, Plaintiff's own statement that she can perform sedentary work is supported by the medical record and consistent with her own testimony. (R. at 114.) For these reasons, the ALJ also did not err in finding Dr. Stephenson's opinion only partly persuasive and formulating the RFC accordingly.

Because Plaintiff has not identified any harmful error on the part of the ALJ, the Court must affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the February 23, 2021 decision of the ALJ (R. at 108–17), as affirmed by the Appeals Council (R. at 2–4).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 29th day of March, 2024.

_____
Honorable John J. Tuchi
United States District Judge